[J-23-2025] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE A/S/O BATES COLLISION, INC. JAMES MYERS, ANITA MORGAN, LOSSIE AUTO SERVICE, AND BENEDICTINE SISTERS OF ERIE, INC., | : : : : : : | No. 19 WAP 2024 Appeal from the Order of the Superior Court entered December 21, 2023, at No. 1482 WDA 2021, Reversing the Judgment of the |
| Appellee | : : : | Court of Common Plea of Erie County entered November 12, 2021, at No. 12888-18. |
| v. | : : : | ARGUED: April 9, 2025 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | : : : : | |
| Appellant | : : : | |
| v. | : : : | |
| BATES COLLISION, INC., | : : : | |
| Appellee | : | |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BROBSON**                                    **DECIDED: JANUARY 21, 2026**

This Court granted review in this matter to consider two issues: whether the Superior Court's decision below is inconsistent with either this Court's decision in *Pyeritz v. Commonwealth*, 32 A.3d 687 (Pa. 2011), or Pennsylvania law on subrogation. The Majority disposes of this case on the second issue and does not reach the first. I believe, however, that the second issue is less clear than the Majority suggests. Notwithstanding, I believe that the claim pleaded by Erie Insurance Exchange (Erie) fails

as a matter of law pursuant to this Court's opinion in *Pyeritz*. Accordingly, I concur in the result of the Majority insofar as it reinstates the trial court's order.

As the Majority notes, Erie has referred to itself as subrogee of its insureds at each stage of the proceedings. United Services Automobile Association (USAA), in turn, filed a cross-motion for summary judgment, arguing that Erie lacked standing to bring the disputed promissory estoppel claim against USAA due to its self-designation as subrogee of its insureds. The Majority appears to agree with USAA that "[t]here is no doubt that Erie's claim is solely one for subrogation." (USAA Brief at 37.) In my view, however, there is evidence to support Erie's position that it referred to itself as subrogee of its insureds in "an effort to identify how *Erie's* interest in the action came to be and the reasons *Erie* was aggrieved." (Erie's Brief at 59 (emphasis added).) In fact, Erie raised this position in a memorandum before the trial court. (Erie's Consolidated Mem., 8/13/2021, at 14 ("[I]t cannot be reasonably disputed that when Erie hired counsel and experts to investigate the circumstances of the fire, it was doing so as their insured's subrogee. As such, it was while acting in that capacity that Erie received the promise that USAA breached.").) A review of Erie's Complaint also reveals that Erie has consistently maintained that USAA made a promise to *Erie*, during its pursuit of a subrogation claim against BMW of North America (BMW), and that *Erie* suffered from USAA's breach.

To my knowledge, the Majority's ruling constitutes a new pronouncement of law, which I believe to be overly strict. Pennsylvania Rule of Civil Procedure 126(a) requires that our rules be construed liberally and provides the courts discretion to "disregard any error or defect of procedure which does not affect the substantive rights of the parties." Pa.R.Civ.P. 126(a). Furthermore, when reviewing a grant of summary judgment, Pennsylvania law requires that "we view the record in the light most favorable to . . . the non-moving part[y]." *Pyeritz*, 32 A.3d at 689 (citing *Liss & Marion, P.C. v. Recordex*

*Acquisition Corp.*, 983 A.2d 652, 657 (Pa. 2009)). While there might be a dearth of case law applying these principles to the present circumstances, the principles remain foundational. Consequently, while Erie's self-designation might appear inarticulate or misleading to some, I do not believe that this should be necessarily fatal to its case. Based upon the pleadings, it is apparent that Erie has pleaded a promissory estoppel claim against USAA. It also seems apparent that USAA was at all times aware that the claim being litigated was between itself and Erie—not Erie's insureds. In the absence of settled law requiring us to deny Erie its day in court based solely on a technicality that caused no prejudice, I would not deny relief on that basis.

Irrespective of the foregoing, however, I would conclude that Erie's promissory estoppel claim[1] fails as a matter of law for the reasons this Court provided in *Pyeritz*. Therein, this Court explained that, "as a matter of public policy," Pennsylvania does not "allow the imposition of liability where, due to the absence of the evidence, it is impossible to say whether the underlying litigation would have been successful." *Id.* at 693. In so stating, this Court made clear "that *no* cause of action for negligent spoliation . . . exists. The Court did not hold that no *tort* action for such spoliation . . . exists. Nothing in the *Pyeritz* opinion suggests that mere changing of the label on the claim to promissory estoppel would alter the result." *Erie Insurance Exch. v. United Servs. Auto. Ass'n*, 307 A.3d 1221, 1228 (Pa. Super. 2023) (Olson, J., dissenting) (second emphasis in original). Here, Erie only sought damages contingent upon its theoretical success in a claim against BMW.[2] Due, however, to the destruction of the evidence—*i.e.*, the vehicle—

---

[1] To the extent USAA argues that Erie's promissory estoppel claim is a veiled negligent spoliation claim, I disagree. Erie's pleadings clearly reflect a cause of action for promissory estoppel, and I find no reason to designate it as anything else.

[2] As Erie did not plead any other damages, I do not provide an opinion on the availability of recovery for other reliance-based damages.

it is impossible to say whether Erie's claim against BMW would have been successful.[3] Consequently, the same reasoning that precluded the negligent spoliation claim in *Pyeritz* applies to the claim Erie asserts against USAA. Accordingly, I would reverse the judgment of the Superior Court and reinstate the trial court's order granting summary judgment to USAA and denying summary judgment to Erie.

---

[3] Thus, the speculative nature of these damages is not the "precise amount" of damages but, rather, whether Erie suffered any damages at all. *Cf. Pugh v. Holmes*, 405 A.2d 897 (Pa. 1979) ("[M]ere uncertainty as to the amount of damages will not bar recovery *where it is clear that damages were the certain result of the defendant's conduct*." (emphasis added) (citing *Academy Spires, Inc. v. Brown*, 268 A.2d 556, 561-62 (N.J. Dist. Ct. 1970))).